**Orange County Clerk's Office** **Donna L. Benson, Orange County Clerk**

**Print Number:** 20080044046 Page 1 of 1

# DOCUMENT DETAIL - COURT

21Aug07

**Doc Type:** SUPREME **Type Code:** CIV
**Case Type:** CIV **Index #:** 004354-2008
**Court Type:** SUPREME **Indict. #:**
**File Date:** 04/28/2008 **Indict. Code:**
**Judge:** **Receipt #:** 878732
**Attorney:** BLOOM & BLOOM PC **Status:** V
530 BLOOMING GROVE TPKE
PO BOX 4323
NEW WINDSOR, NY 12553

**PLAINTIFF** **CORRECTION FLAG**

SARINSKYS GARAGE INC

**DEFENDANT** **CORRECTION FLAG**

ERIE INSURANCE CO
ERIE INSURANCE CO OF NY

Press [F2] to return to search screen; [F5] to view image. Total Parties: 3

| Minutes Date | Date _Time Entered | Action | Amount | Sequence |
|---|---|---|---|---|
| 04/28/2008 | 05/09/2008 15:13 | SUMMONS | | 1 |
| 04/28/2008 | 05/09/2008 15:13 | COMPLAINT | | 2 |
| 04/28/2008 | 05/09/2008 15:13 | VERIFICATION (S) | | 3 |
| 04/28/2008 | 05/09/2008 15:13 | CERTIFICATION (S) | | 4 |
| 04/28/2008 | 05/09/2008 15:13 | EXHIBIT (S) | | 5 |
| 05/20/2008 | 05/20/2008 12:14 | LETTER (S) | | 6 |
| 05/20/2008 | 05/20/2008 12:14 | AFFT (S) OF SERVICE/2 | | 7 |
| 05/28/2008 | 05/28/2008 12:41 | LETTER (S) | | 8 |
| 05/28/2008 | 05/28/2008 12:41 | AFFT (S) OF SERVICE | | 9 |
| 05/28/2008 | 05/28/2008 12:41 | ACKNOWLEDGEMENT OF SERVICE | | 10 |
| 06/16/2008 | 06/16/2008 12:26 | LETTER (S) | 0 | 11 |
| 06/16/2008 | 06/16/2008 12:26 | NOTICE OF REMOVAL | 0 | 12 |
| 06/16/2008 | 06/16/2008 12:26 | EXHIBIT (S) | 0 | 13 |
| 06/16/2008 | 06/16/2008 12:26 | ANSWER | 0 | 14 |
| 06/16/2008 | 06/16/2008 12:27 | CERT OF SERVICE | 0 | 15 |

pv_legal_c_20080211

composite_court_20080211

***TO: THE COUNTY CLERK OF ORANGE COUNTY***

APR 28 2008

2008-04354

*Application for INDEX NUMBER pursuant to Section 8018 of CPRL*

_X_ *SUPREME COURT*
___ *COUNTY COURT*
*FEE*

*Space below to be TYPED or PRINTED by Applicant*
*FULL TITLE OF ACTION OR PROCEEDING:*

**SARINSKY'S GARAGE, INC.,**

Plaintiff,

*- against -*

**ERIE INSURANCE COMPANY and ERIE INSURANCE COMPANY OF NEW YORK ,**

Defendants.

---

*BLOOM & BLOOM, P.C.*, #530 Blooming Grove Turnpike, P.O. Box 4323, New Windsor, NY 12553
(Name and Address of Attorney for Plaintiff or Petitioner)

*NONE*
(Name and Address of Attorney for Defendant or Respondent)

*BLOOM & BLOOM, P.C.*, #530 Blooming Grove Turnpike, P.O. Box 4323, New Windsor, NY 12553
(Name of Applicant)

---

*SUBMITTED PAPERS ARE:* (Please check below)

X *Summons & Complaint*
__ *Summons w/Notice*
__ *Notice of Petition*
__ *Petition*
__ *Order to Show Cause*
__ *Poor Person Aff't/Atty's Cert.*
__ *Other:* ____________

*THIS FORM MUST BE COMPLETED AND SIGNED BY APPLICANT:* ____________
*Kevin D. Bloom, Esq.*

SPACE BELOW FOR OFFICE USE ONLY

---

REQUISITIONED BY: *BLOOM & BLOOM, P.C.*

Date: ____________
Date: ____________
Date: ____________

RECORDED/FILED
04/28/2008/ 11:15:54
DONNA L. BENSON
County Clerk
ORANGE COUNTY, NY
FILE # 20080044046
SUP / BK 05047 PG 1668
RECORDING FEES 210.00
SUPREME# 004354-2008
Receipt#870732 mrl

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE

2008-04354

SARINSKY'S GARAGE INC.,

Plaintiff,

Index No.________________
Purchase Date:____________

Plaintiffs designates Orange County, N.Y. as the venue for Trial.

The basis of venue is that the primary place of business of the Plaintiff is located in Orange County, N.Y.

-against-

***SUMMONS***

ERIE INSURANCE COMPANY, and
ERIE INSURANCE COMPANY OF NEW YORK,

Defendants.

***TO THE ABOVE-NAMED DEFENDANTS:***

***YOU ARE HEREBY SUMMONED*** to answer the Verified Complaint in this action and to serve a copy of your Answer, or, if the Verified Complaint is not served with this ***SUMMONS,*** serve a Notice of Appearance, on the Plaintiff's Attorney(s) within ***TWENTY (20)*** days after the service of this ***SUMMONS,*** exclusive of the day of service [or within ***THIRTY (30)*** days after the service is complete if this ***SUMMONS*** is not personally delivered to you within the State of New York]; and in the case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Bloom & Bloom, P.C.
530 Blooming Grove Turnpike
(At the Professional Circle)
P. O. Box 4323
New Windsor, New York 12553

Dated: April 24, 2008
New Windsor, N.Y.

Very truly yours,

Kevin D. Bloom, Esq.
Bloom and Bloom, P.C.
Attorneys for Plaintiff,
SARINSKY'S GARAGE INC.,
Bloom and Bloom, P.C.
530 Blooming Grove Turnpike
New Windsor, N.Y. 12553
845-561-6920

TO: ERIE INSURANCE COMPANY
120 Corporate Woods
Suite 150
Rochester, N.Y. 14623

TO: ERIE INSURANCE COMPANY OF NEW YORK
120 Corporate Woods
Suite 150
Rochester, N.Y. 14623

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE

---

SARINSKY'S GARAGE INC.,

Plaintiff,

-against-

ERIE INSURANCE COMPANY, and
ERIE INSURANCE COMPANY OF NEW YORK,

Defendants.

---X

Index No.________________
Purchase Date:___ __________

***VERIFIED COMPLAINT***

Plaintiff, SARINSKY'S GARAGE INC., by and through its attorneys, BLOOM & BLOOM, P.C., as and for its verified complaint, alleges as follows:

***AS AND FOR A FIRST CAUSE OF ACTION PREMISED UPON BREACH OF CONTRACT:***

1.) That, at all times hereinafter mentioned, the Plaintiff, SARINSKY'S GARAGE INC., (hereafter sometimes referred to as "SARINSKY'S") is a domestic corporation duly organized under and existing pursuant to the laws of the State of New York.

2.) SARINSKY'S, principal place of business is 171 Windsor Highway, New Windsor, County of Orange, State of New York, 12553.

3.) SARINSKY'S engages in automobile repair and sales.

4.) That, upon information and belief, DEFENDANT, ERIE INSURANCE COMPANY, is a foreign corporation duly organized under and existing pursuant to the laws of the State of Pennsylvania and is authorized to conduct insurance business in the State of New York.

Bloom & Bloom, P.C.
530 Blooming Grove Turnpike
(At the Professional Circle)
P. O. Box 4323
New Windsor, New York 12553

5.) That, upon information and belief, DEFENDANT, ERIE INSURANCE COMPANY OF NEW YORK, is a foreign corporation duly organized under and existing pursuant to the laws of the State of Pennsylvania and is authorized to conduct insurance business in the State of New York.

6.) That, upon information and belief, DEFENDANT, ERIE INSURANCE COMPANY OF NEW YORK, is a domestic corporation duly organized under and existing pursuant to the laws of the State of New York and is authorized to conduct insurance business in the State of New York.

7.) That, upon information and belief, DEFENDANT ERIE INSURANCE COMPANY OF NEW YORK is a wholly owned subsidiary of DEFENDANT, ERIE INSURANCE COMPANY. Hereafter, both DEFENDANTS, shall be collectively referred to as "ERIE".

8.) SARINSKY'S purchased a Commercial Property Liability Insurance Policy from ERIE for the period of May 1, 2006, to May 1, 2007 (Proof of purchase for said period is attached hereto as Exhibit A).

9.) ERIE identified this Commercial Property Liability Policy, as their "ULTRAFLEX PACKAGE POLICY." [A copy of "ULTRAFLEX PACKAGE POLICY" (hereafter, referred to as "THE POLICY") is attached hereto, as Exhibit B.]

10.) The terms of THE POLICY were changed by an "ENHANCEMENTS ENDORSEMENT" for "AUTO REPAIR SHOPS" in as much as SARINSKY'S was/is an automobile repair shop. (See Exhibit C).

11.) THE POLICY and the ENHANCEMENTS ENDORSEMENT, *inter alia*, provided indemnification for covered losses for the period of May 1, 2006, to May 1, 2007.

12.) SARINSKY'S duly and timely paid the premium for the aforesaid coverages.

13.) On September 25, 2006, a loss for purposes of THE POLICY occurred at SARINSKY'S premises.

14.) Specifically, the aforesaid loss involved the remediation of gasoline that had leaked from an underground storage tank on SARINSKY'S premises.



15.) The aforesaid remediation commenced on or about September 25, 2006.

16.) SARINSKY'S paid a total of $139,539.87 for the aforesaid remediation.

17.) SARINSKY'S timely notified ERIE of the loss.

18.) In response to SARINSKY'S notification of its loss, ERIE sent a reservation of rights letter to SARINSKY'S, so that ERIE could conduct investigations to determine whether coverage was available to SARINSKY for the loss (A copy of said correspondence, dated October 16, 2006, is attached hereto as Exhibit D).

19.) Specifically, ERIE had to determine whether "the release, discharge of dispersal of pollutants was caused by a peril insured against" in order to provide coverage to SARINSKY'S (See Exhibit D, second page, bottom paragraph).

20.) Subsequent to the October 16, 2006, correspondence (Exhibit "D"), ERIE sent a second correspondence to SARINSKY'S, dated November 29, 2006 (See Exhibit E).

21.) In the November 29, 2006, correspondence (Exhibit "E"), ERIE took the position that it had to conduct further investigations with the aid of an environmental pollutant spill investigator, to determine whether any coverage under the POLICY was available to the insured (See Exhibit E).

22.) Upon completion of ERIE'S investigation, on or about March 12, 2007, ERIE paid to SARINSKY'S the sum of $20,000.00 for his loss (See Exhibit F).

23.) ERIE paid the aforesaid sum to SARINSKY'S pursuant to SECTION VIII, B, (25) of THE POLICY, as modified by the ENHACEMENTS ENDORSEMENT.

24.) The relevant language contained in SECTION VIII, B, (25) of THE POLICY, as modified by the ENHANCEMENTS ENDORSEMENT, which ERIE relied upon to pay $20,000.00 to SARINSKY'S, states:

SECTION VIII, B, (25) of THE POLICY:

"We will cover the cost to extract "pollutants" from land or water on the insured premises if the release, discharge or dispersal of "pollutants" is caused by a peril insured against during the policy period. We will pay up to $10,000.00 for all "losses" throughout the year. The "loss" must be reported to use within 180 days after the "loss" or the end of the policy period, whichever is the later date."

The ENHANCEMENT ENDORSEMENT (PARAGRAPH D) increased the aforementioned $10,000.00 to $20,000.00.

25.) ERIE'S responsibility to indemnify the insured is not limited to $20,000.00, and, the terms of THE POLICY and ENHANCEMENT ENDORSEMENT do provide the insured with indemnification for the balance of SARINSKY'S loss—that is, $139,539.87 (total remediation costs paid by SARINSKY'S) minus the $20,000.00 paid by ERIE to SARINSKY'S, minus SARINSKY'S deductible of $1,000.00, for a total of $118,539.87.

26.) The ENHANCEMENTS ENDORSEMENT states:

"8)" [We do not cover "loss" or damage resulting from:] Discharge, dispersal, seepage, migration, release, or escape of "pollutants" unless the discharge, dispersal, seepage, migration, release or escape is itself caused by a peril insured against. But, if "loss" or damage by a peril insured against results from the discharge, dispersal, seepage, migration, release, or escape of "pollutants", we will pay for the resulting damage caused by the peril insured against. (See Exhibit C, pg.3, paragraph "8)"

27.) That the language used in SECTION VIII, B, (25) of THE POLICY, referred to in Paragraph "24.)" herein, tracks the aforementioned language in the ENHANCEMENTS ENDORSEMENT, as quoted in Paragraph "26.)" herein.

28.) That because ERIE paid $20,000.00 to SARINSKY'S after its environmental inspections were performed, it had to have found that the release, discharge or dispersal of "pollutants" was caused by a peril insured against under SECTION VIII, B, (25) of THE POLICY.

29.) That SARINSKY'S should be completely indemnified for its loss, as the language used in its ENHANCEMENTS ENDORSEMENT (quoted in paragraph "26.)" herein) is the same as found in SECTION VIII. B. (25) of THE POLICY, but, without a $20,000.00 ceiling.

30.) That, on March 20, 2008, SARINSKY'S, by and through its attorneys, sent to ERIE, by certified mail, return receipt requested, a letter demanding complete indemnification from ERIE for his loss.

31.) SARINSKY'S or its attorneys, has not received a response to the March 20, 2008, correspondence.

32.) That, SARINSKY'S, has been damaged in the amount of ONE HUNDRED EIGHTEEN THOUSAND FIVE HUNDRED THIRTY NINE and 87/100 ($118,539.87), with legal interest measured from March 12, 2007, by reason of ERIE'S failure to pay its contracted-for insurance. Said sum represents the total remediation costs paid by SARINSKY'S, minus the $20,000.00 paid by ERIE to SARINSKY'S, minus SARINSKY'S deductible of $1,000.00.

***AS AND FOR A SECOND, SEPARATE AND DISTINCT CAUSE OF ACTION PREMISED UPON AN AMBIGIOUS INSURANCE CONTRACT AND DECLARATORY JUDGMENT***

33.) Plaintiff repeats and re-alleges paragraphs "1.)" through "32.)" herein.

34.) That, THE POLICY and the ENHANCEMENTS ENDORSEMENT, as written, are, at the very least "ambiguous," as to whether complete indemnification (up to applicable policy limits) is available to the insured under these facts.

35.) That, relevant New York State Law provides that in construing an insurance policy, any ambiguities must be resolved in favor of the insured and against the insurer.



36.) That, this Court should declare the subject policy of insurance is available to the Plaintiff, under these facts, for a complete indemnification for the monetary loss sustained by the Plaintiff.

37.) That, this Court should furthermore declare that ERIE must indemnify SARINSKY in the amount of ONE HUNDRED EIGHTEEN THOUSAND FIVE HUNDRED THIRTY NINE and 87/100 ($118,539.87), with legal interest measured from March 12, 2007, by reason of ERIE'S failure to pay its contracted-for insurance.

***WHEREFORE,*** Plaintiff demands Judgment against the Defendants, as follows:

a.) On the First Cause of Action, awarding Plaintiff a money judgment against the Defendants in the amount of ONE HUNDRED EIGHTEEN THOUSAND FIVE HUNDRED THIRTY NINE and 87/100 DOLLARS ($118,539.87), with legal interest measured from March 12, 2007; or, alternatively,

b.) On the Second Cause of Action, declaring that the subject policy of insurance is ambiguous, as to whether complete indemnification (up to applicable policy limits) is available to the Plaintiff under these facts;

c.) On the Second Cause of Action, awarding Plaintiff a money judgment against the Defendants in the amount of ONE HUNDRED EIGHTEEN THOUSAND FIVE HUNDRED THIRTY NINE and 87/100 DOLLARS ($118,539.87), with legal interest measured from March 12, 2007;

d.) For the costs and disbursements of this action;

e.) For such other and further relief as the Court deems just and proper.

☐ Attorney's Verification by Affirmation

. I have read the annexed

know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the following.

The reason I make this affirmation instead of is

I affirm that the foregoing statements are true under penalties of perjury.
Dated: ______________________________

STATE OF NEW YORK, COUNTY OF ORANGE ss.:

DAVID SARINSKY, being sworn says: I am

☐ Individual Verification

in the action herein; I have read the annexed
know the contents thereof and the same are true to my knowledge, except those matter therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

☒ Corporate Verification

the President of SARINSKY'S GARAGE, INC.,
a corporation, one of the parties to the action; I have read the annexed SUMMONS AND VERIFIED COMPLAINT know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

My belief, as to those matters therein not stated upon knowledge, is based upon the following:

Sworn to before me on April 25, 2008

______________________________
Notary Public

KEVIN DANIEL BLOOM
NOTARY PUBLIC-STATE OF NY
Residing in Orange County
#02BL6080266
Commission Expires September 9, 2010

SARINSKY'S GARAGE, INC.
By: ______________________________ Pres
David Sarinsky, President

STATE OF NEW YORK, COUNTY OF ORANGE ss.:

being sworn says: I am not a party to the action, am over 18 years of age and reside at

On , 2008, I served a true copy of the annexed in the following manner:

☐ Service by Mail

by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service within the State of New York, addressed to the last-known address of the addressee(s) as indicated below:

Year 2008

Index No.

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF ORANGE**

*SARINSKY'S GARAGE, INC.,* *Plaintiff,*

*-against-*

*ERIE INSURANCE COMPANY and*
*ERIE INSURANCE COMPANY OF NEW YORK,* *Defendants.*

## *SUMMONS AND VERIFIED COMPLAINT*

**BLOOM & BLOOM, P.C.**

*Attorneys for* *Plaintiff*

530 BLOOMING GROVE TURNPIKE
POST OFFICE BOX 4323
NEW WINDSOR, NEW YORK 12553
(845) 561-6920

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous. Furthermore, the undersigned attorney admitted to practice in the courts of New York State, certifies that, (i) the matter was not obtained in violation of 22 NYCRR 1200.41-a [DR 7-111]* *matter was not obtained through illegal conduct, and (ii) the*

*Signature*

*Dated: April 25, 2008*

*Print Signer's Name: KEVIN D. BLOOM, ESQ.*

*Service of a copy of the within* *is hereby admitted.*

CORPORATION SERVICE COMPANY

2008-04354

AFFIDAVIT OF SERVICE

STATE OF NEW YORK
SUPREME COURT, COUNTY OF ORANGE INDEX # 2008-04354

---

SARINSKY'S GARAGE INC. PLAINTIFF

VS.

ERIE INSURANCE COMPANY, AND
ERIE INSURANCE COMPANY OF NEW YORK DEFENDANT

---

STATE OF NEW YORK
COUNTY OF ALBANY
CITY OF ALBANY ss:

Minard Carkner being duly sworn, deposes and says that he is not a party to this action; That he is over the age of eighteen (18) years; That on the 8TH day of May, 2008 he served a Summon and Verified Complaint in the above captioned matter upon ERIE INSURANCE COMPANY OF NEW YORK at the Office of Counsel for the New York State Superintendent of Insurance located in the City of Albany at 1 Commerce Plaza, 20th Floor, by delivering to and leaving with Patrick Harrigan, personally, one true copy thereof. Deponent tendered the statutory fee of $20.00 at the time of making said service.

Deponent further says that at the time of making said service, he knew the aforesaid Patrick Harrigan to be a Attorney and a person duly authorized by law to accept such service on behalf of The New York State Superintendent of Insurance.

Minard Carkner

Sworn to before me this
8TH day of May, 2008.

Johanna A. Burkhartt, Notary Public
rzm

CORPORATION SERVICE COMPANY

2008-04354

AFFIDAVIT OF SERVICE

STATE OF NEW YORK
SUPREME COURT, COUNTY OF ORANGE INDEX # 2008-04354

---

SARINSKY'S GARAGE INC. PLAINTIFF

VS.

ERIE INSURANCE COMPANY, AND
ERIE INSURANCE COMPANY OF NEW YORK DEFENDANT

---

STATE OF NEW YORK
COUNTY OF ALBANY
CITY OF ALBANY ss:

Minard Carkner being duly sworn, deposes and says that he is not a party to this action; That he is over the age of eighteen (18) years; That on the 8TH day of May, 2008 he served a Summon and Verified Complaint in the above captioned matter upon ERIE INSURANCE COMPANY at the Office of Counsel for the New York State Superintendent of Insurance located in the City of Albany at 1 Commerce Plaza, 20th Floor, by delivering to and leaving with Patrick Harrigan, personally, one true copy thereof. Deponent tendered the statutory fee of $20.00 at the time of making said service.

Deponent further says that at the time of making said service, he knew the aforesaid Patrick Harrigan to be a Attorney and a person duly authorized by law to accept such service on behalf of The New York State Superintendent of Insurance.

Minard Carkner

Sworn to before me this
8TH day of May, 2008.

Johanna A. Burkhartt, Notary Public
rzm

*Bloom & Bloom, P.C.*

DANIEL J. BLOOM
PETER E. BLOOM
KEVIN D. BLOOM *
*ALSO ADMITTED IN FLORIDA

530 BLOOMING GROVE TURNPIKE
P.O. BOX 4323
NEW WINDSOR, NEW YORK 12553
TELEPHONE (845) 561-6920
FAX: (845) 561-0978
E-MAIL: BLOOMBLOOM@hvc.rr.com

May 13, 2008

Orange County Clerk
Orange County Government Center
255-275 Main Street
Goshen, NY 10924

**RE:** ***SARINSKY'S GARAGE, INC. vs. ERIE INSURANCE COMPANY and ERIE INSURANCE COMPANY OF NEW YORK***
**Index No.: 2008-04354**
**Our File No. G-1079**

Dear Sir or Madam:

Enclosed please find for filing in your office original Affidavits of Service of the Summons and Complaint in the above matter upon Defendants, ERIE INSURANCE COMPANY and ERIE INSURANCE COMPANY OF NEW YORK through the Office of counsel for the New York State Superintendent of Insurance on May 8, 2008. Please clock-stamp the enclosed postcard with the date and time of filing and return to our office.

Thank you.

Very truly yours,

Kevin D. Bloom

SIGNED IN ABSENCE OF WRITER TO AVOID DELAY

KEVIN D. BLOOM
KDB/ey

Enclosures

cc: Sarinsky's Garage, Inc.
Attention: David Sarinsky, President
171 Windsor Highway
New Windsor, New York 12553
Enclosures

STATE OF NEW YORK
INSURANCE DEPARTMENT
One Commerce Plaza
Albany, NY 12257

STATE OF NEW YORK
Supreme Court, County of Orange

..........................................................................................................................

Sarinsky's Garage Inc. 2008-04354

against Plaintiff(s)

Erie Insurance Company of New York

Defendant(s)

..........................................................................................................................

RE : Erie Insurance Company of New York

Attorney for Plaintiff(s) and Defendant please take notice as follows:

Sirs :
Attorney for Plaintiff(s) is hereby advised of acknowledgement of service upon me of Summons and Verified Complaint in the above entitled action on May 8, 2008 at Albany, New York. The $40 fee is also acknowledged.

Original to Attorney for Plaintiff(s) :

Bloom & Bloom, P.C.
Attorneys at Law
530 Blooming Grove Turnpike
P.O. Box 4323
New Windsor, New York 12553

Pursuant to the requirement of section 1212 of the Insurance Law, Defendant is hereby notified of service as effected above. A copy of the paper is enclosed.

Duplicate to Defendant :

Jan R. Van Gorder, Esquire
Erie Insurance Company of New York
100 Erie Insurance Place
Erie, Pennsylvania 16530

Clark J. Williams

by Clark J. Williams
Special Deputy Superintendent

Dated Albany, New York, May 09, 2008

431609 C.A.#191255

STATE OF NEW YORK
INSURANCE DEPARTMENT
One Commerce Plaza
Albany, NY 12257

STATE OF NEW YORK
Supreme Court, County of Orange

..........................................................................................................................

Sarinsky's Garage Inc. 2008-04354

against Plaintiff(s)

Erie Insurance Company

Defendant(s)

..........................................................................................................................

RE : Erie Insurance Company

Attorney for Plaintiff(s) and Defendant please take notice as follows:

Sirs :
Attorney for Plaintiff(s) is hereby advised of acknowledgement of service upon me of Summons and Verified Complaint in the above entitled action on May 8, 2008 at Albany, New York. The $40 fee is also acknowledged.

Original to Attorney for Plaintiff(s) :

Bloom & Bloom, P.C.
Attorneys at Law
530 Blooming Grove Turnpike
P.O. Box 4323
New Windsor, New York 12553

Pursuant to the requirement of section 1212 of the Insurance Law, Defendant is hereby notified of service as effected above. A copy of the paper is enclosed.

Duplicate to Defendant :

J.R. Van Gorder Executive VP, Secretary and General Counsel
Erie Insurance Company
100 Erie Insurance Place, P.O. Box 1699
Erie, Pennsylvania 16530

Clark J. Williams

by Clark J. Williams
Special Deputy Superintendent

Dated Albany, New York, May 09, 2008

431608 C.A.#191254

MAY 15 2008

Bloom & Bloom, P.C.

DANIEL J. BLOOM
PETER E. BLOOM
KEVIN D. BLOOM *
*ALSO ADMITTED IN FLORIDA

530 BLOOMING GROVE TURNPIKE
P.O. BOX 4323
NEW WINDSOR, NEW YORK 12553
TELEPHONE (845) 561-6920
FAX: (845) 561-0978
E-MAIL: BLOOMBLOOM@hvc.rr.com

May 16, 2008

Orange County Clerk
Orange County Government Center
255-275 Main Street
Goshen, NY 10924

**RE:** ***SARINSKY'S GARAGE, INC. vs. ERIE INSURANCE COMPANY and ERIE INSURANCE COMPANY OF NEW YORK***
**Index No.: 2008-04354**
**Our File No. G-1079**

Dear Sir or Madam:

Enclosed please find for filing in your office, Acknowledgment of Service from State of New York Insurance Department of the Summons and Verified Complaint in the above action on May 8, 2008, at Albany, New York. Please clock-stamp the enclosed postcard with the date and time of filing and return to our office.

Thank you.

Very truly yours,

KEVIN D. BLOOM
KDB/ey

Enclosure

cc: Sarinsky's Garage, Inc.
Attention: David Sarinsky, President
171 Windsor Highway
New Windsor, New York 12553
Enclosure